WILKES, JULY, 1833.

THOMPSON *vs.* ARTHUR.

### *Motion to dismiss Attachment.*

THIS motion is founded on the ground that the bond and security required by the statute has not been given ; for that the bond and security given in this case, were given in the State of South Carolina, and both the obligors are residents and citizens of that State. In opposition to the motion, it was contended that the statute only requires that bond and security shall be given. That in this case, bond and security have been given in terms of the act. The act does not require that the security shall be a citizen, or even a resident of this State, and that therefore the statute has been literally complied with in this case.

*By the Court.* It is a general rule of construction, that statutes shall be construed according to the subject-matter upon which they are intended to operate. It is a reasonable presumption that the legislature of this State legislates only for persons and property, within the jurisdiction of the State. When a statute requires a bond to be given for the benefit and security of a person within its jurisdiction, and subject to its laws, the legal inference is that the bond required, be such an one as can be enforced by the laws of this State. This inference receives additional force in the present case, from the provision of the statute which requires that the bond taken, be deposited in the court in which the attachment is returnable. In the case under consideration, it is admitted, that the obligors reside without the jurisdiction of this State ; therefore it cannot be enforced in the courts of this State, and is not such a bond as is required by the statute. It is not de-

*The bond given in pursuance of the statute regulating attachments, must be such a bond as can be enforced by the courts of this State : therefore if the obligors reside in another State, the bond is bad, and the attachment will be dismissed.*

WILKES,
July, 1833.

THOMPSON
v.
ARTHUR.

nied that the legislature can by law authorize a bond or other security to be taken which cannot be enforced in the courts of this State, but the legislature will not be presumed to have intended to give such authority without using express words for that purpose, *mere general terms* will not support such a presumption. The legal presumption, in the absence of express words is, that the legislature requires bond and security to be given, which can be enforced in the State courts, and by State authority. The motion is sustained.